1    MICHELLE B. HEVERLY, Bar No. CA 178660
2    MICHAEL W. WARREN, Bar No. CA 223642
     LITTLER MENDELSON
3    A Professional Corporation
     50 West San Fernando Street
     15th Floor
4    San Jose, CA 95113.2303
     Telephone:    408.998.4150
5    Facsimile:    408.288.5686
     Email:        mheverly@littler.com
6    Email:        mwarren@littler.com

7    Attorneys for Defendant
     MERRILL COMMUNICATIONS, LLC
8    (erroneously named MERRILL CORPORATION /
     MERRILL COMMUNICATION LLC)
9

10                   UNITED STATES DISTRICT COURT

11                 NORTHERN DISTRICT OF CALIFORNIA

12                      SAN FRANCISCO DIVISION

13

14   ANTHONY SILVA,                          CV  08-  0033

15                    Plaintiff,             Case No.

16          v.                               NOTICE OF REMOVAL OF ACTION
                                             UNDER 28 U.S.C. § 1441(b) (DIVERSITY)
17
     MERRILL CORPORATION / MERRILL
18   COMMUNICATIONS LLC, a Delaware
     Corporation, and DOES 1-50, inclusive.
19
                     Defendants.
20

21

22          TO THE CLERK OF THE ABOVE-ENTITLED COURT:

23          PLEASE TAKE NOTICE that Defendant Merrill Communications, L.L.C.,

24   (hereinafter "Defendant") hereby removes to this Court the state court action described below:

25          1.      On October 22, 2007, an action was commenced in the Superior Court of the

26   State of California in and for the County of San Mateo, entitled Anthony Silva, Plaintiff, v. Merrill

27   Corporation / Merrill Communications LLC, and Does 1 through 100, Defendants, as Case Number

28   CIV467075, a copy of which is attached hereto as Exhibit A.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA 95113 2303
408 998 4150

NOTICE OF REMOVAL OF ACTION UNDER
28 U.S.C. § 1441(b) (DIVERSITY)

2.      The Complaint was first served on Defendant on December 5, 2007. A copy of Plaintiff's Summons is attached hereto as Exhibit B.

3.      Defendant filed a General Denial and Affirmative Defenses to Plaintiff's Complaint with the San Mateo County Superior Court on January 3, 2008. A copy of Defendant's General Denial and Affirmative Defenses is attached hereto as Exhibit C. This document, together with Exhibits A and B, represents the entire state court file in this matter.

4.      **JURISDICTION:**    This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(b). Specifically, this is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, because Plaintiff is claiming that he suffered general damages, punitive damages, and special damages as a result of Defendant's alleged conduct. Compensatory (actual) damages, special damages and potential punitive damages are considered when determining the amount in controversy. *See, e.g., Bell v. Preferred Life Assur. Soc'y of Alabama*, 320 U.S. 238, 241 (1943); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001); *Coleman v. Assurant, Inc.*, 463 F. Supp. 2d 1164, 1168 (D. Nev. 2006) ("It is well established that punitive damages are part of the amount in controversy in a civil action" [*citing Gison v. Chrysler Corp.*, 261 F. 3d 927, 945 (9th Cir. 2001]); *Richmond v. All State Insurance*, 897 F. Supp. 447, 450 (S.D. Cal. 1995) (general and special damages included in the amount in controversy.)

5.      Defendant is informed and believes that Plaintiff, at all relevant times, was and still is, a citizen of the state of California.

6.      Defendant was, at the time of the filing of this action, and still is, a limited liability company under the laws of the state of Delaware, and has its principal place of business in St. Paul, Minnesota. The sole member of Defendant is Merrill Corporation. Merrill Corporation is a corporation incorporated under the laws of the state of Minnesota, with its principal place of business in St. Paul, Minnesota.

7.      The defendants designated as DOES 1 through 100 are fictitious defendants and are not parties to this action. Unnamed defendants sued as Does are not required to join in a

LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street
15th Floor
San Jose CA 95113 2303
408 998 4150

2.      **NOTICE OF REMOVAL OF ACTION UNDER
28 U.S.C. § 1441(b) (DIVERSITY)**

1    removal petition, and their citizenship is disregarded for purposes of removal. 28 U.S.C. § 1441(a);

2    *Fristos v. Reynolds Metal Company*, 615 F.2d 1209, 1213 (9th Cir. 1980).

3            8.    This Notice of Removal is timely as it is being filed with this Court and

4    served within thirty (30) days of Defendant's first receipt of the Summons and Complaint on

5    December 5, 2008, and is less than one (1) year after commencement of this action as required under

6    28 U.S.C. § 1446(b). *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354

7    (1999) (timeliness of removal determined based on date service perfected under state law, not date

8    defendant first learns of complaint.)

9            WHEREFORE, Defendant now prays that the above action now pending against

10    Defendant in the Superior Court for the State of California, County of San Mateo, CIV467075, be

11    removed therefrom to this Court.

12    Dated: January 3, 2008

13

14

15    MICHELLE B. HEVERLY
      LITTLER MENDELSON

16    A Professional Corporation
      Attorneys for Defendant

17    MERRILL COMMUNICATIONS, LLC
      (erroneously named MERRILL

18    CORPORATION / MERRILL
      COMMUNICATIONS LLC)

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA 95113 2303
408 998 4150

3.    NOTICE OF REMOVAL OF ACTION UNDER
      28 U.S.C. § 1441(b) (DIVERSITY)

# Exhibit A

1  Gerald A. Emanuel (SBN 61049)
   Amy Carlson (SBN 213294)
2  HINKLE, JACHIMOWICZ, POINTER & EMANUEL
   2007 West Hedding Street, Suite 100
   San Jose, California 95128
3  Telephone: (408) 246-5500
   Facsimile: (408) 246-1051
4

5  Attorneys for Plaintiff
   ANTHONY SILVA

**ENDORSED FILED**
SAN MATEO COUNTY

OCT 2 2 2007

Clerk of the Superior Court
By ___R. Montgomery___
DEPUTY CLERK

6

7

8              SUPERIOR COURT OF CALIFORNIA

9                  SAN MATEO COUNTY

10 ANTHONY SILVA,                    No.    **CIV 4 6 7 0 75**
          Plaintiff,
11                                   **COMPLAINT FOR DAMAGES**
                                     **ARISING FROM:**
12 vs.                               **1.  DISABILITY DISCRIMINATION;**
                                     **2.  FAILURE TO ACCOMMODATE**
13 MERRILL CORPORATION/MERRILL       **AND ENGAGE IN THE**
   COMMUNICATIONS LLC, a Delaware    **INTERACTIVE PROCESS**
   Corporation; and DOES 1-50,       **3.  TERMINATION IN VIOLATION**
14        Defendants.                **OF PUBLIC POLICY**

15                                   **DEMAND FOR JURY TRIAL**

16          COMES NOW Plaintiff ANTHONY SILVA and complains against

17 Defendants and each of them, and for causes of action alleges:

18                      **GENERAL ALLEGATIONS**

19                **ALLEGING JURISDICTION AND VENUE**

20          1.      Plaintiff is informed and believes and thereupon alleges that

21 at all pertinent times mentioned in this complaint, Defendant MERRILL

22
                                     1

                    COMPLAINT FOR DAMAGES

1    CORPORATION, MERRILL COMMUNICATIONS, LLC, ("MERRILL") was a

2    Delaware corporation qualified to do business in the State of California and

3    doing business in the County of San Mateo.

4           2.      The acts alleged herein occurred in the County of San Mateo,

5    State of California.

6           3.      Plaintiff is ignorant of the true names and capacities of the

7    Defendants sued herein under the fictitious names DOES 1 through 50,

8    Inclusive.  Plaintiff will seek leave to amend this Complaint to allege their true

9    names and capacities when ascertained.  Plaintiff is informed and believes and

10   herein alleges that each of the DOES Defendants was responsible in some

11   manner for the occurrences and injuries alleged in this Complaint.

12          4.      At all times herein mentioned and unless otherwise stated,

13   each Defendant was a managing agent of Defendants and each of them was the

14   agent and/or employee of each and every co-Defendant, and in the performing

15   the things, acts or omissions, hereinafter more fully alleged, was acting within

16   the scope, course and authority of said agency and/or employment.

17          5.      Each Defendant herein ratified, authorized, knew about or

18   should have known about, and/or condoned the acts of each and every other

19   Defendant.

20   ///

21   ///

22

**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

6.    At all times mentioned herein, Plaintiff had a physical disability. More specifically, Plaintiff had open angle glaucoma which cuases a decrease in his functional vision. He is totally blind in his right eye and has severe limitations in his left eye.

7.    Defendants and each of them hired Plaintiff on August 1, 2006 to provide document services to the Law Offices of Gunderson Dettmer Stough Villeneuve Franklin & Hachigian LLP, ("Gunderson") in Menlo Park.

8.    Plaintiff's job duties included performing the 12:00 p.m. through 6:00 p.m. floor sweeps, stocking paper on both floors on Tuesday and Thursday; performing copy machine checks on both floors at 1:00 p.m. and 5:00 p.m., restocking tabs as needed and reading meters on Fridays.

9.    He was not told when he was hired that he would be doing Fed Ex labels or using the computer to check emails.

10.    Defendants were advised and aware that Plaintiff had a physical disability because of his vision problems, and required reasonable accommodations in order for him to complete his job duties.

11.    On or about August 29, 2006, and September 1, 2006, the Sensory Access Foundation performed an evaluation as to Plaintiff's job duties versus his disability. They made a report in which they recommended several accommodations for which the Department of Rehabilitation would have paid.

1    12.    The accommodations included but were not limited to:

2    a.  20" LCD screen to aid in viewing the computer screen;

3    b.  FOCI STRIX portable video magnifier with arm to allow Plaintiff

4    to read paper documents in order to perform quality control

5    checks on his copied materials;

6    c.  Ai Squared Zoom Text Magnifier/Reader to enable Plaintiff to

7    magnify the text on the computer screen;

8    d.  Three packs of Universal ZoomCaps, white characters on black

9    background to enable Plaintiff to navigate the phone system

10    and computer keyboard more easily;

11    e.  Bump Dots Black to enable Plaintiff to label specific keys on the

12    phone system and computer keyboard.

13    13.    Plaintiff was also told he could not have a specially colored

14    time card so that he could discern where his was.

15    14.    Plaintiff was told he could not go to the second building

16    when the firm expanded to a second building because they did not want him to

17    be hit by a car.  Plaintiff was perfectly capable of crossing the street as a non-

18    disabled person could.

19    15.    Plaintiff had performed job duties similar to the ones listed

20    above at a prior firm without any difficulty and with some accommodation.

21

22

4

COMPLAINT FOR DAMAGES

1    16.    Instead of making the reasonable accommodations,

2 Defendants began writing Plaintiff up for things he could have done correctly

3 with the proper and reasonable accommodations.

4    17.    The Gunderson employees were pleased with Plaintiff's work.

5    18.    The Defendants' employees were not accustomed to working

6 with a disabled person.

7    19.    Rather than requiring Defendants' employees to familiarize

8 themselves with working with a disabled individual, the company chose to

9 terminate Plaintiff instead.

10    20.    On September 22, 2006, Plaintiff was summarily fired

11 because of the alleged mistakes documented in Defendants' write ups of

12 Plaintiff.

13    21.    A "Right-to-Sue" letter was issued by the DFEH on November

14 30, 2006, against Defendants named herein.  Therefore, Plaintiff has exhausted

15 his administrative remedies.

16    **FIRST CAUSE OF ACTION**

17    **[DISABILITY DISCRIMINATION]**

18    As a first, separate and distinct cause of action, Plaintiff complains

19 against all Defendants and DOES 1-50, Inclusive, and each of them, and for a

20 cause of action alleges:

21

22

5

1      22.      Plaintiff hereby incorporates by reference Paragraphs 1

2  through 21 of the Complaint as if fully set forth herein.

3      23.      Government Code § 12940, et seq. prohibits an employer

4  from discriminating against any employee because of that employee's physical

5  disability or medical condition.  Defendants and each of them discriminated

6  against Plaintiff because of his physical disability and medical condition.

7  Defendants, and each of them, failed to provide Plaintiff with reasonable

8  accommodation when they harassed him with numerous written reprimands

9  and terminated his employment due to his disability.  Defendants, and each of

10  them, discriminated against Plaintiff by committing the things, acts, and

11  commissions herein alleged.

12      24.      Similarly situated employees who did not suffer from a

13  physical disability and/or medical condition were not treated in the disparate

14  manner in which Plaintiff was treated.  In discriminating against Plaintiff on

15  account of his physical disability and medical condition, Defendants and each

16  of them have violated Government Code § 12940(a).

17      25.      Plaintiff is informed and believes and thereupon alleges that

18  the fictitious Defendants named as DOES 1 through 50, Inclusive, aided,

19  abetted, incited, compelled, coerced or conspired to commit one or more of the

20  acts alleged herein.

21

22

COMPLAINT FOR DAMAGES

26.     As a direct and proximate result of the conduct of these Defendants and each of them, Plaintiff has suffered emotional anguish and distress, loss of income and benefits and other special and general damages all in an amount to be proven at trial.

27.     In doing the things herein alleged, the conduct of Defendants, and each of them, is despicable and Defendants, and each of them, acted towards Plaintiff with malice, oppression, fraud, and with a willful and conscious disregard of Plaintiff's rights.  Each of the Defendants ratified, authorized and condoned the conduct of each and every other Defendant and managing agent, entitling Plaintiff to an award of punitive and exemplary damages pursuant to California Civil Code § 3294 and Government Code § 12940.

28.     Pursuant to Government Code §12965(b), Plaintiff requests the award of attorney's fees against Defendants, and each of them.

## SECOND CAUSE OF ACTION

### [FAILURE TO ACCOMMODATE AND ENGAGE IN THE INTERACTIVE PROCESS]

As a second, separate and distinct cause of action, Plaintiff complains against all Defendants and DOES 1-50, Inclusive, and each of them and for a cause of action alleges:

7

1    29.    Plaintiff hereby incorporates by reference Paragraphs 1

2  through 28 of the Complaint as if fully set forth herein.

3    30.    Government Code § 12940(m) and (n), requires an employer

4  to make a reasonable accommodation for the known physical or mental

5  disability of an employee and to engage in a timely, good faith, interactive

6  process with the employee to determine effective reasonable accommodations.

7  Defendants, and each of them, failed to accommodate Plaintiff in committing

8  the acts herein alleged.  Defendants, and each of them, failed to engage in the

9  interactive process in committing the acts herein alleged.

10    31.    Plaintiff is informed and believes and thereupon alleges that

11  the fictitious Defendants named as DOES 1 through 50, Inclusive, aided,

12  abetted, incited, compelled, coerced or conspired to commit one or more of the

13  acts alleged herein.

14    32.    As a direct and proximate result of the conduct of these

15  Defendants and each of them, Plaintiff has suffered emotional anguish and

16  distress, loss of income and benefits and other special and general damages all

17  in an amount to be proven at trial.

18    33.    In doing the things herein alleged, the conduct of

19  Defendants, and each of them, is despicable and Defendants, and each of

20  them, acted towards Plaintiff with malice, oppression, fraud, and with a willful

21  and conscious disregard of Plaintiff's rights.  Each of the Defendants ratified,

22

8

COMPLAINT FOR DAMAGES

1  authorized and condoned the conduct of each and every other Defendant and

2  managing agent, entitling Plaintiff to an award of punitive and exemplary

3  damages pursuant to California Civil Code § 3294 and Government Code §

4  12940.

5        34.      Pursuant to Government Code §12965(b), Plaintiff requests

6  the award of attorney's fees against Defendants, and each of them.

7  **THIRD CAUSE OF ACTION**

8  **[WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY]**

9        As a third, separate and distinct cause of action, Plaintiff complains

10  against all Defendants and DOES 1-50, Inclusive, and each of them and for a

11  cause of action alleges:

12        35.      Plaintiff hereby incorporates by reference Paragraphs 1

13  through 34 of the Complaint as if fully set forth herein.

14        36.      California Government Code §12920 declares that it is public

15  policy of the State of California to protect and safeguard the right and

16  opportunity of all persons to seek, obtain, and hold employment without

17  discrimination or abridgment on account of physical disability or medical

18  condition.

19        37.      Defendants and each of them, violated the public policy of

20  the State of California when they denied Plaintiff his right to work in a

21  discrimination-free environment, subjected him to disparate treatment on

22

9

1  account of his disability and terminated his employment. The facts that

2  constitute discrimination have been previously alleged. Each and every

3  allegation is hereby incorporated into this cause of action by this reference.

4      38.    Plaintiff is informed and believes and thereupon alleges that

5  the fictitious Defendants named as DOES 1 through 50, inclusive, aided,

6  abetted, incited, compelled, coerced or conspired to commit one or more of the

7  acts alleged herein.

8      39.    As a direct and proximate result of the conduct of these

9  Defendants, and each of them, Plaintiff has suffered emotional anguish and

10  distress, loss of income and benefits, and other special and general damages,

11  all in an amount to be proven at trial.

12      40.    Defendants and each of them, committed the acts alleged

13  herein maliciously, despicably, fraudulently and oppressively, with the

14  wrongful intention of injuring Plaintiff from an improper and evil motive

15  amounting to malice, and in conscious disregard of Plaintiff's rights. Because

16  the acts taken towards Plaintiff were carried out by employees acting in a

17  despicable, deliberate, cold, callous, and intentional manner in order to injure

18  and damage Plaintiff, and because each of the Defendants authorized, ratified

19  and condoned the conduct of each and every other Defendant, Plaintiff is thus

20  entitled to recover punitive damages from Defendants, and each of them, in an

21  amount according to proof.

22

COMPLAINT FOR DAMAGES

1    41.    Pursuant to Government Code §12965(b), Plaintiff requests

2    the award of attorney's fees against these Defendants, and each of them.

3                                    **PRAYER**

4    WHEREFORE, Plaintiff prays for judgment against Defendants, and

5    each of them, as follows:

6    1.    For a money judgment representing compensatory damages

7    including lost wages, earnings, retirement benefits and other employee

8    benefits, and all other sums of money, together with interest on these

9    amounts, according to proof;

10    2.    For a money judgment for mental pain and anguish and emotional

11    distress, according to proof;

12    3.    For an award of exemplary and punitive damages, according to

13    proof;

14    4.    For costs of suit and attorney's fees;

15    5.    For pre-judgment and post-judgment interest; and

16    6.    For such other and further relief as the court deems just and

17    proper.

18

19

20

21

22

1    ## DEMAND FOR JURY TRIAL

2    Plaintiff hereby demands a jury trial on all of the issues.

3    Dated: _10/10_, 2007          HINKLE, JACHIMOWICZ, POINTER & EMANUEL

4

5                                 AMY CARLSON
                                 Attorney for Plaintiff
6                                 ANTHONY SILVA

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

COMPLAINT FOR DAMAGES

# Exhibit B

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
(AVISO AL DEMANDADO):
MERRILL CORPORATION/MERRILL COMMUNICATIONS LLC, a
Delaware Corporation, and DOES 1-50

**YOU ARE BEING SUED BY PLAINTIFF:**
(LO ESTÁ DEMANDANDO EL DEMANDANTE):
ANTHONY SILVA

| FOR COURT USE ONLY |
| --- |
| (SOLO PARA USO DE LA CORTE) |

**ENDORSED FILED**
SAN MATEO COUNTY

OCT 2 2 2007

Clerk of the Superior Court
By ___R. Montgomery___
DEPUTY CLERK

---

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

---

| The name and address of the court is: (El nombre y dirección de la corte es): | CASE NUMBER (Número del Caso): CIV 4 6 7 0 7 5 |
| --- | --- |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN MATEO
Redwood City Branch
400 County Center, Redwood City, CA 94063

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Gerald A. Emanuel/Amy Carlson (Bar # SBN 61049/213294)     Phone No.: (408) 246-5500
HINKLE, JACHIMOWICZ, POINTER & EMANUEL     Fax No.: (408) 246-1051
2007 West Hedding Street, Suite 100, San Jose, CA 95128     R. MONTGOMERY

| DATE: (Fecha) OCT 2 2 2007 | JOHN C. FITTON | Clerk, by (Secretario) R. MONTGOMERY | , Deputy (Adjunto) |
| --- | --- | --- | --- |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☑ on behalf of (specify): Merrill Corporation/Merrill Communications LLC

   under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
   ☐ other (specify):

4. ☑ by personal delivery on (date): 12/5/07

[SEAL]

Page 1 of 1

| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. January 1, 2004] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 |
| --- | --- | --- |

LexisNexis® Automated California Judicial Council Forms

# Exhibit C

| ATTORNEY OR PARTY WITHOUT ATTORNEY:<br>Michelle B. Heverly, CSB 178660<br>Michael W. Warren CSB 223642<br>Littler Mendelson, P.C.<br>50 West San Fernando Street, 15th Floor<br>San Jose, CA 95113<br>ATTORNEY FOR *(Name)*: Defendant Merrill Communications, L.L.C. (erroneously named Merrill Corporation / Merrill Communications LLC) TELEPHONE NO.: (408) 998-4150 | FOR COURT USE ONLY<br><br>ENDORSED FILED<br>SAN MATEO COUNTY<br><br>JAN   3 2008<br><br>Clerk of the Superior Court<br>By _____ A. De Leon<br>DEPUTY CLERK |
|---|---|

Insert name of court, name of judicial district, and branch court, if any:
**Superior Court of California, County of San Mateo**

| PLAINTIFF:  Anthony Silva | |
|---|---|
| DEFENDANT:  Merrill Communications, LLC | |

**BY FAX**

| **GENERAL DENIAL** | CASE NUMBER:<br>CIV467075 |
|---|---|

> You MUST use this form for your general denial if the amount asked for in the complaint or the value of the property involved is $1,000 or less.
>
> You MAY use this form if:
>
> 1. The complaint is not verified, OR
> 2. The complaint is verified, and the action is subject to the economic litigation procedures of the municipal and justice courts, EXCEPT
>
> You MAY NOT use this form if the complaint is verified and involves a claim for more than $1,000 that has been assigned to a third party for collection.
>
> (See Code of Civil Procedure sections 90-100, 431.30, and 431.40.)

1. DEFENDANT *(Name)*: **Merrill Communications, L.L.C.**

   generally denies each and every allegation of Plaintiff's Complaint For Damages.

2. ☒ DEFENDANT states the following FACTS as separate affirmative defenses to Plaintiff's Complaint For Damages *(attach additional pages if necessary)*:

   **PLEASE SEE ATTACHED**

Date:   January 2, 2008

Michelle B. Heverly
(TYPE OR PRINT NAME)                          (SIGNATURE OF DEFENDANT OR ATTORNEY)

> If you have a claim for damages or other relief against the plaintiff, the law may require you to state your claim in a special pleading called a cross-complaint or you may lose your claim. (See Code of Civil Procedure sections 426.10-426.40.)
>
> The original of this General Denial must be filed with the clerk of this court with proof that a copy was served on each plaintiff's attorney and on each plaintiff not represented by an attorney. *(See the other side for a proof of service.)*

Form Adopted by Rule 982
Judicial Council of California                    **GENERAL DENIAL**                    CCP 431.30, 431.40
982(a)(13) (Rev. 1/1/87)

1     **ANTHONY SILVA v. MERRILL CORPORATION / MERRILL COMMUNICATIONS LLC**

2                                **Santa Mateo County Superior Court**

3                                       **Case No. CIV467075**

4                                       **AFFIRMATIVE DEFENSES**

5                    AS AND FOR A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH

6     AND EVERY CAUSE OF ACTION SET FORTH IN PLAINTIFF'S COMPLAINT, Defendant

7     Merrill Communications, L.L.C., (hereinafter "Defendant"), alleges:

8                    That Plaintiff's Complaint fails to allege facts sufficient to constitute any cause of

9     action or to set forth a claim upon which relief can be granted.

10                   AS AND FOR A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE TO

11    EACH CAUSE OF ACTION SET FORTH IN PLAINTIFF'S COMPLAINT, Defendant alleges:

12                   That Plaintiff's Complaint and each of its causes of action are barred because, at all

13    relevant times, Plaintiff was an at-will employee, subject to termination, with or without cause, and

14    with or without notice.

15                   AS AND FOR A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH

16    CAUSE OF ACTION SET FORTH IN PLAINTIFF'S COMPLAINT, Defendant alleges:

17                   That at all times relevant, Defendant promulgated an anti-discrimination policy and

18    complaint procedure which was communicated to Plaintiff, and Defendant exercised reasonable care

19    to prevent and correct promptly any inappropriate conduct.  Plaintiff unreasonably failed to take

20    advantage of the established complaint procedures, failed to take advantage of other preventative or

21    corrective opportunities provided by Defendant and otherwise filed to avoid harm.

22                   AS AND FOR A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE TO

23    EACH CAUSE OF ACTION SET FORTH IN PLAINTIFF'S COMPLAINT, Defendant alleges:

24                   That based on information and belief that the Complaint and each cause of action

25    alleged therein are barred by the applicable statues of limitations, including but not limited to,

26    California Government Code sections 12960 and 12965, and California Code of Civil Procedure

27    sections 338 and 340.

28    / / /

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 WEST SAN FERNANDO ST.
15TH FLOOR
SAN JOSE, CA 95113.2303
408.998.4150

Defendant's Affirmative Defenses                                                Case No. CIV467075

1              AS AND FOR A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH

2  CAUSE OF ACTION SET FORTH IN PLAINTIFF'S COMPLAINT, Defendant alleges:

3              That each and every act done or statement made by Defendant with regard to, or in

4  any way related to, Plaintiff was privileged as a good faith assertion of Defendant's legal rights.

5              AS AND FOR A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH

6  CAUSE OF ACTION SET FORTH IN PLAINTIFF'S COMPLAINT, Defendant alleges:

7              That Plaintiff's Complaint and each of its causes of action are barred because all acts

8  of Defendant affecting the terms and conditions of Plaintiff's employment were done in good faith

9  and motivated by legitimate, non-discriminatory reasons and/or as a result of business necessity.

10            AS AND FOR A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO

11  EACH CAUSE OF ACTION SET FORTH IN PLAINTIFF'S COMPLAINT, Defendant alleges:

12            That all damages Plaintiff has suffered or will suffer are wholly or in part the result of

13  his own actions, or the actions of other parties, not the answering Defendant.

14            AS AND FOR AN EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE TO

15  EACH CAUSE OF ACTION SET FORTH IN PLAINTIFF'S COMPLAINT, Defendant alleges:

16            That to the extent during the course of this litigation Defendant acquires any evidence

17  of wrongdoing by Plaintiff and the wrongdoing would have materially affected the terms and

18  conditions of Plaintiff's employment or would have resulted in Plaintiff either being demoted,

19  disciplined, or terminated, such after-acquired evidence shall bar Plaintiff's claim on liability or

20  damages or shall reduce such claim or damages as provided by law.

21              AS AND FOR A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH

22  CAUSE OF ACTION SET FORTH IN PLAINTIFF'S COMPLAINT, Defendant alleges:

23            That Plaintiff could have, through diligence, found other employment and taken other

24  action which would have mitigated his damages, and he had an affirmative duty to do so, which was

25  breached by his failure to find other employment and take other action upon the cessation of his

26  employment with Defendant.

27             AS AND FOR A TENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO

28  EACH CAUSE OF ACTION SET FORTH IN PLAINTIFF'S COMPLAINT, Defendant alleges:

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 WEST SAN FERNANDO ST.
15TH FLOOR
SAN JOSE, CA 95113.2303
408.998.4150

Defendant's Affirmative Defenses          2.          Case No. CIV467075

1    That Plaintiff has failed to timely exhaust his administrative remedies with the

2    Department of Fair Employment and Housing, the exhaustion of which is a condition precedent to

3    the maintenance of this action.

4    AS AND FOR AN ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO

5    EACH CAUSE OF ACTION SET FORTH IN PLAINTIFF'S COMPLAINT, Defendant alleges:

6    That the Court's jurisdiction over the subject matter of the cause of action is

7    preempted by the exclusive remedy provisions of the California Workers' Compensation Act,

8    California Labor Code section 3200, *et seq.*, because Plaintiff's alleged injuries arose as a result of

9    his alleged employment with Defendant.

10    AS AND FOR A TWELFTH, SEPARATE AND AFFIRMATIVE DEFENSE TO

11    EACH CAUSE OF ACTION SET FORTH IN PLAINTIFF'S COMPLAINT, Defendant alleges:

12    Any award of exemplary damages as sought by Plaintiff would violate the due

13    process and excessive fine clauses of the Fifth, Eighth and Fourteenth Amendments of the United

14    States Constitution, as well as the Constitution of the State of California.

15    Defendant has not yet completed a thorough investigation and study or completed

16    discovery of all facts and circumstances of the subject matter of Plaintiff's Complaint, and

17    accordingly, reserves its right to amend, modify, revise or supplement its Answer, and to plead such

18    further defenses and take such further actions as they may deem proper and necessary in its defense

19    upon the completion of said investigation and study.

20    WHEREFORE, Defendant prays for judgment against Plaintiff as follows:

21    1.    For an order dismissing Plaintiff's claims with prejudice, and entering

22    judgment in favor of Defendant and against Plaintiff;

23    2.    For all reasonable costs and attorneys' fees incurred by Defendant in

24    connection with the defense of this matter; and

25    3.    For such other and further relief as the Court in the exercise of its discretion

26    deems just and proper.

27    / / /

28    / / /

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 WEST SAN FERNANDO ST.
15TH FLOOR
SAN JOSE, CA 95113.2303
408.998.4150

Defendant's Affirmative Defenses    3.    Case No. CIV467075

1    Dated:  January 2, 2008

LITTLER MENDELSON

2    By: _Michelle Heverly_____

3    MICHELLE B. HEVERLY
     MICHAEL W. WARREN

4    Attorney for Defendant
     MERRILL COMMUNICATIONS, LLC

5    (erroneously named MERRILL
     CORPORATION / MERRILL

6    COMMUNICATIONS LLC)

Firmwide:83932004.1 023665.1000

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 WEST SAN FERNANDO ST.
15TH FLOOR
SAN JOSE, CA 95113.2303
408.998.4150

Defendant's Affirmative Defenses                    4.                    Case No. CIV467075

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 50 West San Fernando Street, 15th Floor, San Jose, California 95113.2303. On January 3, 2008, I served the within document(s):

### GENERAL DENIAL AND AFFIRMATIVE DEFENSES

☐ by facsimile transmission at or about _____ on that date. This document was transmitted by using a facsimile machine that complies with California Rules of Court Rule 2003(3), telephone number 408.288.5686. The transmission was reported as complete and without error. A copy of the transmission report, properly issued by the transmitting machine, is attached. The names and facsimile numbers of the person(s) served are as set forth below.

☒ by placing a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at San Jose, California addressed as set forth below.

☐ by depositing a true copy of the same enclosed in a sealed envelope, with delivery fees provided for, in an overnight delivery service pick up box or office designated for overnight delivery, and addressed as set forth below.

Gerald A. Emanuel                    Telephone:    408-246-5500
Amy Carlson                          Fax:          408-246-1051
Hinkle, Jachimowicz, Pointer & Emanuel
2007 West Hedding Street, Suite 100
San Jose, CA 95128

I am readily familiar with the firm's practice of collection and processing correspondence for mailing and for shipping via overnight delivery service. Under that practice it would be deposited with the U.S. Postal Service or if an overnight delivery service shipment, deposited in an overnight delivery service pick-up box or office on the same day with postage or fees thereon fully prepaid in the ordinary course of business.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on January 3, 2008, at San Jose, California.

*Suzanne Barnes*
Suzanne Barnes

LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street
15th Floor
San Jose, CA 95113 2303
408 998 4150

Firmwide:83948360.1 023665.1000                1.                Case Number: CIV 467075

PROOF OF SERVICE