MICHELLE B. HEVERLY, Bar No. CA 178660
MICHAEL W. WARREN, Bar No. CA 223642
LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street
15th Floor
San Jose, CA  95113.2303
Telephone:    408.998.4150
Facsimile:     408.288.5686
Email:          mheverly@littler.com
Email:          mwarren@littler.com

Attorneys for Defendant
MERRILL COMMUNICATIONS, LLC
(erroneously named MERRILL CORPORATION /
MERRILL COMMUNICATION LLC)

GERALD A. EMANUEL
AMY CARLSON
HINKLE, JACHIMOWICZ, POINTER & EMANUEL
2007 West Hedding Street, Suite 100
San Jose, CA  95128
Telephone:    408-246-5500
Facsimile:     408-246-1051
Email:          jemanuel@hinklelaw.com
Email:          acarlson@hinklelaw.com

Attorneys for Plaintiff
ANTHONY SILVA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ANTHONY SILVA,<br><br>                    Plaintiff,<br><br>          v.<br><br>MERRILL CORPORATION / MERRILL COMMUNICATIONS LLC, a Delaware Corporation, and DOES 1-50, inclusive.<br><br>                    Defendants. | Case No. CV 08-00033 SI<br><br>**JOINT CASE MANAGEMENT STATEMENT** |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA  95113.2303
408.998.4150

CASE NO. CV 08-00033 SI                              1.                    **JOINT CASE MANAGEMENT STATEMENT**

Pursuant to Rule 16 of the Federal Rules of Civil Procedure and the Standing Order for all judges of the Northern District of California, counsel met and conferred in compliance with Federal Rules of Civil Procedure. Defendant Merrill Communications, LLC (erroneously named Merrill Corporation / Merrill Communication LLC) and Plaintiff Anthony Silva file this case management statement pursuant to Civil Local Rule 16-9.

Plaintiff Anthony Silva ("Plaintiff") is represented by lead counsel Gerald A. Emanuel and Amy Carlson, both of Hinkle, Jachimowicz, Pointer & Emanuel.

Defendant Merrill Communications, LLC ("Defendant") is represented by lead counsel Michelle B. Heverly and Michael W. Warren, both of Littler Mendelson, PC.

## I. JURISDICTION AND SERVICE

Defendant timely filed a notice of removal based on Diversity because Plaintiff is a resident of the state of California and Defendant is a limited liability company organized under the laws of the state of Delaware, and has its principal place of business in St. Paul, Minnesota. All of the parties to the action have been served.

## II. FACTS

In his Complaint, Plaintiff claims that he was wrongfully terminated and discriminated against on the basis of his disability. Plaintiff also claims that Defendant failed to accommodate his disability. Defendant denies Plaintiff's allegations, and alleges that Plaintiff was properly terminated for, among other things, poor job performance.

## III. LEGAL ISSUES

1. Whether Defendant failed to engage in the interactive process and/or whether Plaintiff interfered with the interactive process.

2. Whether Defendant failed to reasonably accommodate Plaintiff's disability.

3. Whether Defendant discriminated against Plaintiff on the basis of his disability.

4. Whether Plaintiff's termination was improperly based on his disability.

5. Whether Defendant caused Plaintiff damages by terminating his employment and/or whether any damages suffered by Plaintiff were because of his own misconduct.

CASE NO. CV 08-00033 SI            2.            **JOINT CASE MANAGEMENT STATEMENT**

6. Whether Plaintiff engaged in misconduct warranting termination during his employment with Defendant.

## IV. MOTIONS

Defendant intends to file a Motion for Summary Judgment once discovery is completed.

## V. AMENDMENT OF PLEADINGS

The parties do not currently anticipate the need to amend their pleadings, however, should such an amendment be required, any such amendment shall be completed by May 2, 2008.

## VI. EVIDENCE PRESERVATION

Defendant suspended the routine destruction of electronically stored information to preserve evidence relevant to the issues reasonably evident in this action, and has preserved the information for production to Plaintiff, if necessary. Defendant has also secured relevant electronic documents and other information currently in existence.

## VII. DISCLOSURES

The parties have agreed to exchange Rule 26 Initial Disclosures on April 11, 2008.

## VIII. DISCOVERY PLAN

1. The parties anticipate noticing and taking no more than 3 deposition each, excluding expert depositions. The depositions may be videotaped. The parties will also propound Interrogatories, Requests For Production of Documents, and may propound Requests For Admissions. The parties will limit such requests to 25 of each type.

2. The parties intend to conduct additional written discovery related to the above-described factual and legal contentions, related to the allegations of Plaintiff's complaint, and related to the affirmative defenses set forth in Defendant's General Denial and Affirmative Defenses.

3. Each deposition shall be limited to a maximum of 7 hours unless extended by agreement of the parties. As the sole current exception, Defendant anticipates that it will need more than seven (7) hours to complete the deposition of Plaintiff, and it is agreed that Defendant is granted additional time to complete Plaintiff's deposition.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 West San Fernando Street
15th Floor
San Jose, CA 95113.2303
408.998.4150

CASE NO. CV 08-00033 SI          3.          JOINT CASE MANAGEMENT STATEMENT

4. The parties are not aware of any issues that must be brought to the Court's attention at this time regarding the timing, sequencing, phasing, or scheduling of discovery.

5. The parties do not anticipate the need to take discovery outside the United States.

**IX. RELATED CASES:**

There are no related cases pending in this Court.

**X. RELIEF**

Plaintiff seeks monetary damages in the following amounts: $47,640.00 in wage loss and an additional $50,000.00, in pain and suffering.

**XI. SETTLEMENT AND ADR**

The parties have engaged in minimal settlement discussions to date.  The parties are amenable to an early settlement conference before a magistrate judge, and request that it be set within the next 90 days.

**XII. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

Not applicable.

**XIII. OTHER REFERENCES**

This case is not suitable for reference to a special master, or the Judicial Panel on Multidistrict Litigation.

**XIV. NARROWING OF ISSUES**

The parties will meet and confer prior to trial to attempt to expedite the admission of evidence through stipulation.

**XV. EXPEDITED SCHEDULE**

Not having conducted discovery to date, it is too early for the parties to opine on whether this is the type of case that can be handled on an expedited basis with streamlined procedures.

LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street
15th Floor
San Jose, CA  95113.2303
408.998.4150

CASE NO. CV 08-00033 SI                    4.                    JOINT CASE MANAGEMENT STATEMENT

## XVI. SCHEDULING

| | |
|---|---|
| Exchange of Initial Disclosures (FRCP 26(a)(1) | April 11, 2008 |
| Early Settlement Conference Completion Date | July 14, 2008 |
| Non-Expert Discovery Completion Date | October 1, 2008 |
| Deadline for Hearing Non-Dispositive Motions (except motions in limine) | October 3, 2009 |
| Deadline For Hearing Dispositive Motions | January 23, 2009 |
| Disclosure of Expert Witnesses | February 6, 2009 |
| Pre-trial conference | April 6, 2009 |
| Expert witness discovery completion date | March 27, 2009 |
| Proposed Trial Date | May 4, 2009 |

## XVII. TRIAL

Defendant requests a bench trial, however, Plaintiff requests a jury trial. The parties estimate a total of 10 days for trial.

Dated: March 26, 2008

    / s /
MICHELLE B. HEVERLY
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendant
MERRILL COMMUNICATIONS, LLC

Dated: March 26, 2008

    / s /
AMY CARLSON
HINKLE, JACHIMOWICZ, POINTER & EMANUEL
Attorneys for Plaintiff
ANTHONY SILVA

LITTLER MENDELSON
A Professional Corporation
50 West San Fernando Street
15th Floor
San Jose, CA 95113.2303
408.998.4150

CASE NO. CV 08-00033 SI        5.        JOINT CASE MANAGEMENT STATEMENT